Steven J. Nataupsky (SBN 155,913)
steven.nataupsky@kmob.com
Michael K. Friedland (SBN 157,217)
michael.friedland@kmob.com
Lauren Keller Katzenellenbogen (SBN 223,370)
lkeller@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff and Counterdefendant
I-FLOW CORPORATION

Norbert Stahl (SBN 194,091)
nstahl@patentlawservice.com
STAHL LAW FIRM
2 Meadowsweet Lane
San Carlos, CA 94070
Telephone: 650-802-8800
Facsimile: 650-802-8484

Attorney for Defendants and Counterclaimants
WOLF MEDICAL SUPPLY, INC.,
and FIRST MEDICAL SOURCE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WOLF MEDICAL SUPPLY, INC., a Florida corporation; and FIRST MEDICAL SOURCE., a California limited liability corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: SACV09-762 AG (RNBx)<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br><br>Honorable Robert N. Block |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials (regardless of how generated, stored or maintained), including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; e-mails; databases; spreadsheets; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices;

sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Knobbe, Martens, Olson & Bear, LLP and Stahl Law Firm.

## **GENERAL RULES**

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information. Upon request by another party, a producing party shall provide the basis for a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within 5 days. If the designation is not explained to the satisfaction of the objecting party, or if there is no response

within 5 days, the receiving party may move the court to remove or change the designation. For the purposes of any motion, the burden of proving the appropriateness of the designation will fall on the designating party. Any motion challenging a designation must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

5. A producing party shall have the option of either (a) producing copies of all responsive documents to the receiving party, or (b) producing all responsive documents for inspection and copying by the receiving party. If a producing party elects option (a), the producing party shall in advance of the production mark the copies of those documents that contain Confidential Information with the appropriate confidentiality marking. Moreover, the cost of copying the set of documents being produced shall be borne by the producing party. If a producing party elects option (b), and if the receiving party chooses to conduct an inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of an initial inspection, all documents produced shall be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified documents for copying by the inspecting party at the inspecting party's expense, the producing party shall, within a reasonable time prior to producing those documents to the inspecting party, mark the copies of those documents that contain Confidential Information with the appropriate confidentiality marking. If the receiving party chooses not to conduct an inspection, and instead chooses to copy at its own expense all of the documents produced by the producing party, the producing party shall make all documents available for copying without selection of specified documents by the receiving party after marking the documents that contain Confidential Information with the appropriate confidentiality marking.

/ / /

All costs and fees associated with producing documents or making documents available for inspection and/or copying shall be borne by the producing party.

  6.  Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;"

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 7 or 8 below; all persons in attendance at a deposition must be identified on the record, if requested by a party; and

    c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed

*1*     unless it can be accomplished under seal, identified as being
*2*     subject to this Order, and protected from being opened
*3*     except by order of this Court.

*4*     7.     All Confidential Information designated as "CONFIDENTIAL" produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel (as defined in Paragraph 3) for a party (including the paralegal, clerical, secretarial, and other staff associated with such counsel), and to the "qualified persons" designated as follows:

    (a)     a party, or an officer, director, in-house counsel, or employee of a party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

    (b)     independent experts retained by outside counsel to assist in the prosecution, defense, or settlement of this action;

    (c)     paralegals, stenographic and clerical employees, and translators associated with subparagraph (a), but only as part of a disclosure to said persons in accordance with this stipulation and order;

    (d)     judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

    (e)     any other person as to whom the parties in writing agree.

8.     All Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel (as defined in Paragraph 3) for a party (including the paralegal, clerical, secretarial, and other staff associated with such counsel), and to the "qualified persons" designated as follows:

    (a)     independent experts retained by outside counsel to assist in the prosecution, defense, or settlement of this action;

/ / /

    (b) judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and,

    (c) any other person as to whom the parties in writing agree.

 9. Prior to receiving any Confidential Information, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each "qualified person" defined in Paragraphs 7(a), (b) or (e) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A.  A copy of the executed Nondisclosure Agreement shall be provided to opposing counsel upon request.  In the case of a "qualified person" defined in Paragraph 7(a) above, a copy of the executed Nondisclosure Agreement shall not be provided in response to a request unless and until such person is designated as a testifying witness.  The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert.  Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made.  The approval of independent experts shall not be unreasonably withheld.

 10. Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall not be disclosed by the receiving party to anyone other than those persons designated herein and

shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

12. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including L.R. 79-5, with respect to filing documents under seal in this Court. Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

14. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the

objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within five days, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. Any motion challenging a designation must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

15. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must

treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

18. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

20. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for

each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained formation.

23. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

25. Transmission by facsimile or email is acceptable for all notification purposes herein unless otherwise specified.

26. The Court may modify the protective order in the interests of justice or for public policy reasons.

27. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

28. Nothing in this protective order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 7, 2009     By: s/Lauren Keller Katzenellenbogen
                                Steven J. Nataupsky
                                Craig S. Summers
                                Michael K. Friedland
                                Lauren Keller Katzenellenbogen
                                Attorneys for Plaintiff and Counterdefendant
                                I-FLOW CORPORATION

STAHL LAW FIRM

Dated: December 7, 2009     By: s/Norbert Stahl
                                Norbert Stahl
                                Attorney for Defendants and
                                Counterclaimants
                                WOLF MEDICAL SUPPLY, INC.,
                                and FIRST MEDICAL SOURCE

IT IS SO ORDERED this 8th day of December, 2009.

*[signature]*

Honorable Robert N. Block
United States Magistrate Judge

-12-

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| I-FLOW CORPORATION, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOLF MEDICAL SUPPLY, INC., a Florida corporation; and FIRST MEDICAL SOURCE., a California limited liability corporation,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No. SACV09-762 AG (RNBx)<br><br>**AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER** |

　　　　I, _____, declare and say that:

　　　　1.　　I am employed as _____ by _____.

　　　　2.　　I have read the Protective Order entered in *I-Flow Corporation v. Wolf Medical Supply, Inc., et al*. Case No. SACV09-762 AG (RNBx), and have received a copy of the Protective Order.

　　　　3.　　I promise that I will use any and all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

　　　　4.　　I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information with anyone other than the persons described in accordance with Paragraphs 3, 4, 7, and 8 of the Protective Order.

*1*     5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

    6. I understand that any disclosure or use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 2009 at _____ by _____.

8090188
110909